1

MARK E. VERNON
3714 Merrimac Avenue
San Diego, CA 92117
Tel: (619) 782-2668
Email: courtside@gmx.us

MARK E. VERNON
Plaintiff, In Propria Persona



**FILED**

Dec 10 2019

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY          s/jenniferv          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. VERNON,<br><br>     Plaintiff,<br><br>  v.<br><br>TESLA ENERGY; TESLA ENERGY OPERATIONS, INC.; SOLARCITY CORP.; ROE CORPORATIONS, PARTNERSHIPS OR OTHER BUSINESS ENTITIES 1-10, INCLUSIVE,<br><br>     Defendants. | **Case No.:**   **'19CV2356 JAH RBB**<br><br>**VERIFIED COMPLAINT FOR:**<br>**(1) NEGLIGENCE;**<br>**(2) INTENTIONAL MISREPRESENATION;**<br>**(3)BREACH OF CONTRACT;**<br>**(4)BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**(5) CONSUMER FRAUD/DECEPTIVE TRADE PRACTICES;**<br>**(6) QUANTUM MERUIT;**<br><br>**EXHIBIT "A"**<br><br>**VERIFICATION OF COMPLAINT**<br><br>**[DEMAND FOR JURY TRIAL]** |

COME NOW, MARK E. VERNON, individually, in propria persona, hereby brings this action against TESLA ENERGY and TESLA ENERGY OPERATIONS, INC., (registered Oregon corporations) SOLARCITY CORP., and ROE CORPORATIONS, PARTNERSHIPS, OR OTHER BUSINESS ENTITIES 1 through 10, inclusive, (hereinafter, jointly and severally, also referred to as, "Defendants" and/or "TESLA" and/or "SOLARCITY"), based upon the conduct of the Defendants related to the installation and sale of Solar PhotoVoltaic Systems ("solar-PV systems") to consumers in the State of California.

## PARTIES

1.   Plaintiff, MARK E. VERNON, ("Plaintiff") is and, at all times relevant to this verified complaint, was residing in the City and County of San Diego, State of California. Plaintiff is the rightful owner of the property located at 3714 Merrimac Avenue, San Diego, California 92117, hereinafter referred to as the "Subject Property".

2.   The Subject Property was used for the installation of a solar-PV system and was the location of the electrical services that was to be provided by defendants to Plaintiff under a Power Purchase Agreement, hereinafter referred to as "PPA" and/or "Contract" and/or "Agreement".

3.   Defendant, TESLA ENERGY, ("TESLA") is and, at all times relevant to this verified complaint, was a corporate entity registered in the State of Oregon and is a foreign corporation actively engaged in the sale and/or leasing of photovoltaic solar systems or solar-PV systems to residential customers in the State of California.

4.   Defendant, TESLA ENERGY OP, (collectively "TESLA") is and, at all times relevant to this verified complaint, was a corporate entity registered in the State of Oregon and is a foreign corporation actively engaged in the sale and/or leasing of photovoltaic solar systems or solar-PV systems to residential customers in the State of California.

5.   Defendant, SOLARCITY CORP., ("SOLARCITY") is and, at all times relevant to this verified complaint, a foreign corporation actively engaged in the sale and/or leasing of photovoltaic solar systems or solar-PV systems to residential customers in the State of California, with its primary place of business in the City of San Mateo, State of California.

6.   Defendant TESLA assumed the business name along with the contractual affairs of Defendant SOLARCITY, including, but not limited to, its business activities as well as its primary business address on October 13, 2016.

7. Defendant SOLARCITY used to be one of the nation's biggest installers of residential solar systems, working independently until its acquisition by Defendant TESLA in 2016.

8. Defendant ROE corporations, partnerships or other business entities 1-10, and each of them, are corporations, partnerships or other business entities whose forms are unknown who have, and are, doing business in the judicial district of the above-captioned court.

9. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant ROE corporations, partnerships or other business entities 1-10 (inclusive), and each of them, are unknown to Plaintiff at this time and Plaintiff therefore sue said Defendants by such fictitious names. Plaintiff alleges, on information and belief, that each defendant is responsible for the actions herein alleged and Plaintiff will seek leave of Court to amend this Complaint when the names of said defendants have been ascertained.

10. Plaintiff is informed and believes, and thereon alleges, that at all times material hereto and mentioned herein each of the Defendants sued herein (both named and fictitious) were the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and were at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, assignment, alter-ego, partnership or employment and with the authority, consent, approval and ratification of Defendant TESLA and each of the remaining Defendants.

## GENERAL ALLEGATIONS

11. At all times mentioned herein, Defendants TESLA and SOLARCITY were engaged in the business of promoting, marketing, distributing, and selling and/or leasing of photovoltaic solar systems ("Solar-PV systems") throughout the State of California, to residential customers

like Plaintiff. Defendant TESLA is also a company that sells, installs, finances, and monitors turnkey solar energy systems that convert sunlight into electricity. Its systems, either mounted on a building's roof or the ground, are used by residential, commercial, and government customers.

12. At all times mentioned herein, Defendants main selling point is that Defendants offer renewable energy for less than traditional utility companies. Making consumers feel good about choosing an alternative energy source, and saving money. Defendants represented to consumers that the costs associated with in the installation of Solar-PV systems including the monthly fees are offset by Defendants investment funds. To date, the Defendants claim to have formed more than 20 investment funds and raising more than $1.5 billion dollars from banks and other companies such as Credit Suisse, Google, PG&E Corporation, and U.S. Bancorp. (however, two of those funds, are currently being audited by the IRS).

13. At all times mentioned herein, Defendants depended on federal and state tax rebates and credits obtained by and through consumers like Plaintiff to allegedly lower the "costs" of Solar-PV systems and used these federal and state tax rebates and credits to create incentives for fund investors at the expense of consumers like Plaintiff. For example, the federal government offers a tax credit of 30% to install solar power through 2016. After 2016, the tax credit fell to 10%, a very relevant fact that was not disclosed to consumers like Plaintiff at the time they entered into the PPA or at any time after the Solar-PV systems were installed.

14. At all times mentioned herein, Defendants were engaged in selling electricity to consumers like Plaintiff under a long-term contract —generally customers agree under the PPA to a 20-year term. Customers are either signed up as leases or PPA's. Lease customers pay a fixed monthly rate while the rate for PPA customers depends on the amount of electricity the solar energy system produces. The vast majority of its customers (some 90%) "rent" the solar

installations instead of buying them outright, allegedly in order to keep Defendants in control of the product warranty.

15.   At all times mentioned herein, Defendants Solar-PV system has not generated any electricity whatsoever since installed or at any point in time after both parties entered into the PPA on November 5, 2015. In fact, Defendants have materially failed to provide and refused to deliver any Solar-PV system to Plaintiff for over four (4) years, and still refuse to provide a fully operational Solar-PV system —all to Plaintiff's detriment.

16.   Plaintiffs is informed and believes, and thereon alleges that each and every one of the Defendants are responsible in some manner, either by act or omission for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

17.   At all times herein mentioned, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

18.   Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, at all material times relevant to this Complaint, performed the acts alleged herein and/or otherwise conducted business in the State of California.

19.   Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendants, and each of them, including without limitation those Defendants herein sued as ROES, were acting in concert or participation with each other, or were joint participants and collaborators in the acts complained of, or were the agents or employees of the others in doing

5

the acts complained of herein, each and all of them acting within the course and scope of said agency and/or employment by the others, each and all of them acting in concert one with the other and all together.

## CONTRACTUAL ALLEGATIONS

20. The instant action arises out of the installation of a solar-PV system in which Defendants, each of them, failed to disclose important material information to Plaintiff and/or otherwise made false statements of fact to the Plaintiff regarding the sale of solar-PV system and the electrical services which were to be provided to Plaintiff by the Defendants in a Power Purchase Agreement. This action also concerns Defendants' fraudulent omissions and its unlawful, fraudulent and unfair business acts or practices concerning said solar-PV system and the electrical services never provided. Defendants engaged in a campaign of deceptive conduct and concealment aimed at maximizing the number of customers who would purchase solar-PV systems in order to maximize Defendants' profits, even after Defendant's knew, or should have known, their conduct would cause many of these customers to lose money like Plaintiff should the solar-PV system be installed but non-operational or partially functional or made operational by the Defendant's but no "interconnection date" is made by Defendant's, as promised in the Power Purchase Agreement ("PPA") executed on November 5, 2015.

21. Attached hereto as **Exhibit "A"** is a true and correct copy of the alleged Power Purchase Agreement ("PPA"), electronic version, <u>not</u> fully executed by both parties, and is incorporated herein by the reference. Defendants filed this PPA with San Diego County Recorders Office in order to secure federal and state tax rebates and credits obtained by and through Plaintiff's Solar-PV System even though the "system" was not producing any reusable energy since November 5, 2015, or any other relevant times herein. Defendants have committed consumer fraud.

2356-JAH-RBB   Document 1   Filed 12/10/19   PageID.7   Page 7 of 20

**FACTUAL ALLEGATONS**

22. At all times relevant hereto, Plaintiff is the owner and occupant of the Subject Property. At all times mentioned herein, Defendants used various methods to sell a solar-PV system to Plaintiff including: (a) loan agreement for the solar-PV system; (b) lease agreement of the solar-PV system; (c) Power Purchase Agreement ("PPA") for the solar-PV systems electric; and (d) and outright purchase agreement for the solar-PV system.

23. Defendants visited the Plaintiff's home several times during the sales process in the weeks before Plaintiff entered into the contract with Defendants on November 5, 2015.

24. During the course of the sale of the solar-PV system to the Plaintiff, Defendants showed Plaintiff a calculation using an online tool to demonstrate how Plaintiff would save money by installing a solar-PV system. During the course of the sale of the solar-PV system, Defendants made the following representations or omissions to Plaintiff either orally or through advertising and direct sales as follows:

(a) The Plaintiff would be able to save money by installing a solar-PV system;

(b) The Plaintiff would be able to participate in the production and profits by production of electricity;

(c) Plaintiff would receive the same rate or lower for electricity charged by San Diego Gas & Electric ("SDG&E") then Plaintiff's' solar-PV system would feed back into the grid to SDG&E, thus Plaintiff would be able to control and/or offset electricity costs by installing a solar-PV system; and

(e) That Plaintiff would be protected from rising electricity costs by installing solar-PV system and profit from the sale of electricity generated.

25.    Defendants website and advertising materials made many of the promises and assurances that were generally made to Plaintiff, as described above. None of the above-stated representations were true. The Defendants Solar-PV system was sold to Plaintiff in a deceptive manner because none of the above-stated representations were true.

26.    The solar-PV system was sold to the Plaintiff with assurances that the system would save Plaintiff money and reduce his overall electricity costs. Defendants failed to disclose and, by omission, failed to inform Plaintiff that because Plaintiff's roof was nearly 30 years old and in need of repair at the time the solar-PV system was installed, could substantially affect the value of Plaintiff's home due to the costs of removal and reinstallation.

27.    At all times relevant, Defendants sold the solar-PV system to Plaintiff in a false or deceptive manner.  During the sale, Defendants represented to Plaintiff that in accepting these terms he would be able to lower their monthly electricity costs and save money. This was patently false and misleading. The cost from SDG&E was 9 cents, and under the PPA was 15 cents.

28.    As a direct and proximate result of Defendants' representations and the conduct alleged herein, Plaintiff agreed to purchase the solar-PV-system from Defendants.

29.    Plaintiff reasonably believed, based on the representations contained in the documents Defendants provided to Plaintiff, that he would be able to save money over time by installing the solar-PV-system at Plaintiff's home. However, Defendants failed to disclose and, by omission, failed to inform Plaintiff that the solar-PV-system would never generate electricity due to Defendants failure to deliver a fully operational solar-PV-system or that the solar-PV-system would require "panel upgrades' or that the "interconnection date" was artificial, arbitrary, undisclosed and a conditional term subject to change in the agreement, and that Plaintiff could lose money as a result of such artificial, arbitrary, undisclosed and conditional terms.

30.   Plaintiff believed that they would save money by installing a solar-PV system because that is exactly what Defendants intended Plaintiffs to believe.

31.   Defendants aggressively sold their solar-PV product in California. Defendants knew, or should have known, that if they sold solar-PV systems in such a manner, promising cost savings along with collateral environmental benefits, their product would be a hugely popular and profitable for Defendants.

32.   Defendants also knew, or should have known, that they were selling their product in a false and deceptive manner. While Defendants trumpeted the benefits of solar-PV systems to the public, Defendants knew, or should have known their promise of savings was based on a false promise, and consumers would reasonably rely on the representations of Defendants and consumers would be harmed financially by Defendant failure to keep the promises made or deliver energy services as promised.

33.   Defendants failed to disclose and, by omission, failed to inform Plaintiff that the estimated savings provided by Defendants were based upon false or misleading information.

35. The Defendants, intentionally or negligently, failed to disclose and omitted the fact that the truthfulness of the information is, and was, objectively material and necessary for Plaintiff to make an informed decision because such factual information would have revealed the substantial risk, and now reality, that the Plaintiff would lose money as a result of installing the solar-PV system.

36.   At all times relevant, Defendants knew or should have known yet failed to disclose that it would be necessary to make "panel upgrades" that would cause the solar-PV system to be non-operational and unable to produce any electricity.

37. This concealed and omitted information was not known to Plaintiff and which, at all times relevant, Defendants failed to disclose and/or actively concealed by making such statements and partial, misleading representations to Plaintiff.

38. Defendants engaged in the unlawful, unfair, fraudulent, untrue and/or deceptive scheme to induce Plaintiff to purchase and install the solar-PV system that would never produce electricity.

39. Defendants unlawful, unfair, fraudulent, untrue and/or deceptive acts and/or practices were committed with willful and wanton disregard for whether or not Plaintiff would, in fact, be able to save money or ever use or produce electric by installing a solar-PY system.

## FIRST CAUSE OF ACTION
### NEGLIGENCE
### [All Defendants]

40. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

41. The Defendants owed a duty of ordinary care to Plaintiff to provide accurate information to Plaintiff regarding whether they would save money by installing a solar-PV system.

42. The Defendants breached their duty of ordinary care to Plaintiff by failing to inform Plaintiff that the installed solar-PV system would not function when installed on November 5, 2015 and remain non-operational at all relevant times herein.

43. The Defendants breached their duty of ordinary care to Plaintiff by failing to inform Plaintiff that the installed solar-PV system would result in substantial losses to Plaintiff, and/or by failing to repair, replace or remove the installed solar-PV system and reinstall a new fully operational solar-PV system as reasonably expected.

44. The Defendants conduct as described herein is the legal proximate cause of the damages sustained by Plaintiff.

45. Plaintiff has suffered damages in excess of $30,000.00 as a result of the negligence of the Defendants, the exact amount to be proven at trial or shown by proof.

## SECOND CAUSE OF ACTION
### INTENTIONAL/NEGLIGENT MISREPRESENTATION
### [All Defendants]

46. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

47. Defendants had a duty to disclose to Plaintiffs and, at all times relevant, failed to disclose and/or concealed material facts by making partial representations of some material facts when Defendants had knowledge of material facts, including but not limited to the fact that the installed solar-PV system would never produce electricity and remain non-operational due to necessary panel upgrades and Defendants refusal to deliver a fully functional solar-PV system.

48. Defendants concealed and omitted information that was not known to Plaintiffs and, at all times relevant, Defendants failed to disclose and/or actively concealed information by making false statements and partial, misleading and/or negligent representations to Plaintiff.

49. Defendants negligently omitted material facts known to them and not reasonably discoverable by Plaintiff concerning Defendants failure to deliver a solar-PV system that produced electricity.

50. Defendants negligently defrauded and/or mislead Plaintiff into believing that he would save money as a result of installing a solar-PV system.

51. The negligently omitted information, as alleged herein, was material to Plaintiff in

11

that, had the information been disclosed, they would not have purchased the solar-PV system.

52. Plaintiff justifiably relied on the information provided to Plaintiff by the Defendants.

53. As a direct and proximate result of Defendants' negligent failures to disclose and their omission of material facts, as alleged herein, Plaintiff has suffered damages in excess of $30,000.00 which include, but are not limited to, loss of the monies paid or agreed to be paid for the solar-PV system and the loss of the future financial benefits therefrom.

In addition,

54. Plaintiff seeks to recover damages based upon a claim of negligent misrepresentation grounded in Defendants' negligent misrepresentations and or negligent concealment of information, as described herein.

55. At all times mentioned, Defendants acted with malice or oppression and each Plaintiff has been subjected to unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages

56. The omitted information, as alleged herein, was material to Plaintiff in that, had the information been disclosed, he would not have purchased the solar-PV system. The Plaintiff justifiably relied on the information provided to the Plaintiff by the Defendants.


**THIRD CAUSE OF ACTION**
**BREACH OF CONTRACT**
**[All Defendants]**

57. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

58. Plaintiff entered into a written agreement ("PPA") with Defendants to purchase a solar-PV system from the Defendants. The agreement was drafted by Defendants and could not be

modified by Plaintiff and was executed electronically and required initials to continue or review, as such Plaintiff did not know what he was initialing and was afforded no opportunity to scroll back to carefully review. If Plaintiff wanted to read the contract in its entirety, Plaintiff was required to provide initials to do so, thus the contract provided to Plaintiff by Defendants was a contract of adhesion. See **Exhibit "A"**. The agreement further describes the terms and respective obligations applicable to the parties herein.

59.   The agreement states that Plaintiff is obligated to pay the Defendants for electricity that the solar-PV system produces at a predetermined rate. The Defendants represented to Plaintiff that Plaintiff would be able to offset their electricity costs from production of the solar-PV system by an amount that is commensurate with the amounts Plaintiff is obligated to pay the Defendants for electricity produced by the solar-PV system.

60.   At all times relevant, Defendants knew that the solar-PV system would likely be altered by increasing the size of the system and thus require panel upgrades to produce electricity.

61.   At all times relevant, Defendants knew that the delay in installing a solar-PV system that produced electricity would require panel upgrades due to technological advancements in the industry, but mislead Plaintiff into the false belief that he would be able to sell power generated by their solar-PV system at a rate similar to what Plaintiff paid the Defendants for such electricity.

62.   Defendants breached the agreement with Plaintiff by Defendants failure to deliver a solar-PV system that failed to produce any electricity to use or sell.

63.   Defendants breached the agreement with Plaintiff by Defendants failure to make panel upgrades as needed for the solar-PV system to produce electricity.

64. As a result of Defendants' breach of the agreement, Plaintiff has suffered damages in excess of $30,000.00. Plaintiffs have incurred and will continue to incur charges for electricity far in excess of what he would have otherwise paid had he not installed the solar-PV system.

**FOURTH CAUSE OF ACTION**
**BREACH OF IMPLIED COVENANT OF**
**GOOD FAITH AND FAIR DEALING**
**[All Defendants]**

65. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

66. Plaintiffs entered into written agreements with the Defendants based upon the representations of Defendants that Plaintiff would save money by installing a solar-PV system.

67. The estimated savings promised to the Plaintiffs-prepared and created by Defendants and applicable to Plaintiff's solar-PV system, and did not disclose and by omission failed to inform Plaintiff that under the PPA Defendants would charge Plaintiff more than SDG&E by 6 cents resulting in substantial loss of value for Plaintiff.

68. Defendants unfairly interfered with Plaintiff's right to receive the benefits of the solar- PV system and failed to inform Plaintiff that the system would cost Plaintiff thousands of dollars more than represented by Defendants. Plaintiff did not receive the financial benefits of installing the solar-PV system as promised by Defendants.

69. At all times relevant, Defendants unreasonably denied Plaintiff the financial benefits promised to them by receiving federal and state tax benefits, incentives and accrued depreciation during the four years Plaintiff's solar-PV system did not provide usable energy as promised.

14

70.     Defendants owed Plaintiffs the duty of good faith and fair dealing. A special element of reliance exists between Defendants and Plaintiffs. The agreements in this case involve a special element of reliance, unequal bargaining power, and/or fiduciary obligations.

71.     Defendants exploited the unequal bargaining position, reliance, and circumstances in this case and, by their acts and omissions, Defendants breached the covenant of good faith and fair dealing.

72.   Defendants have knowingly and willfully breached the implied covenant of good faith and fair dealing by engaging in the acts and/or fraudulent omissions to mislead and/or deceive Plaintiffs.

73.   Defendants' breaches, as alleged herein, were committed with willful and wanton disregard for whether or not Plaintiff would actually save money by installing the solar-PY system.

74.   As a result of Defendants' conduct, Plaintiff has suffered damages of a nature and amount in excess of $30,000.00 to be shown by proof or proven at trial.

75.   Furthermore, Defendants' breach has caused and/or otherwise placed Plaintiff in a position where their monthly energy costs have been substantially increased and, as a direct and proximate result of the aforesaid misconduct, Plaintiff's electricity costs were caused to increase.

76.   In addition, Plaintiffs have been required to retain counsel as a result of Defendants' conduct and are entitled to recover Plaintiff's reasonable legal fees and costs.

77.   As a further direct and proximate result of Defendants' malicious, oppressive or despicable conduct, Plaintiff has been subjected to unjust hardship in conscious disregard of his rights, so as to justify an award of exemplary and punitive damages.

## FIFTH CAUSE OF ACTION
## CONSUMER FRAUD/DECEPTIVE TRADE PRACTICES
### [All Defendants]

78. Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

79. Plaintiffs entered into written agreements with Defendants based upon representations of the Defendants that Plaintiff would save money by installing a solar-PY system.

80. Defendants intentionally and fraudulently misled Plaintiff regarding the risk that metering rates could be changed and that Plaintiff could lose money by installing the solar-PY system.

81. As described above, Defendants made false or misleading statements of fact concerning how much a solar-PV system would cost Plaintiff and fraudulently made false representations during the transaction, i.e., that Plaintiff would be able to save money by installing a solar-PV system, and therefore engaged in deceptive trade practices as enumerated in the Uniform Commercial Code.

82. Defendants further engaged in a deceptive trade practice by failing to disclose a material fact, i.e., that metering rates could be changed, in connection with the sale or lease of solar-PY system.

83. An action may be brought by any person who is a victim of consumer fraud, including a Deceptive Trade Practice, any action shall award: (a) Any damages that the claimant has sustained; (b) Any equitable relief that the court deems appropriate; and (c) The claimant's costs in the action and reasonable legal fees.

84. As a result of Defendants' aforesaid conduct, Plaintiffs have suffered damages of an amount in excess of $30,000.00 to be shown by proof or proven at trial.

### SIXTH CAUSE OF ACTION
### QUANTUM MERUIT
### [Defendant TESLA]

85.  Plaintiff re-alleges, and incorporates by reference every allegation contained in the preceding paragraphs of this Verified Complaint as though set forth herein.

86.  A contract was entered into on November 5, 2015 (See **Exhibit "A"**) between Plaintiff and Defendant SOLARCITY, then assumed by Defendant TESLA. The services to be provided under the PPA were never performed by either Defendant SOLARCITY OR Defendant TESLA.

87.  As a result of but services not completed, the question of fair payment is hereby brought to this court under the Doctrine of Quantum Meruit for equitable relief.

88.  Defendants incomplete performance under the PPA on the part of the Defendants due to panel upgrades or inverters or other modification or service provided by Defendants, and Defendants alone.

89.  As a result, Plaintiff seeks equitable relief by quantum meruit to determine whether payment to Defendants is due, if so in what amount payment should be made, and which party should be paid.

90.  As a result of Defendants' conduct, Plaintiff has suffered damages of a nature and amount in excess of the costs of the solar-PV system to be shown by proof or proven at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

(a) For actual damages of $30,000.00;

(b) For compensatory damages, according to proof;

(c) For contract damages ,

(d) For rescission of contract;

(e) For punitive and exemplary damages;

(f) For equitable relief by quantum meruit;

1   (g) For federal and state tax credits, benefits, rebates or incentives on Subject Property;

2   (h) For reasonable legal fees and costs, and

3   (i) For such other relief as is just and proper

4                                                    Respectfully submitted by:

5   Dated: December 9, 2019

6                                                    MARK E. VERNON
                                                     Plaintiff, In Propria Persona

**VERIFICATION OF COMPLAINT**

I, Mark E. Vernon, do swear and affirm under penalty of perjury that the assertions in this Verification are true and correct and are based upon my personal knowledge:

     (1) That I am the Plaintiff identified in the foregoing VERIFIED COMPLAINT.

     (2) That l have read the foregoing VERIFIED COMPLAINT and know the Allegations of Fact described below, and am competent to testify thereto:

     (3) I was told the following things by SOLARCITY and TESLA:

     (a) That I would be able to save money by installing a solar-PV system;

     (b) That I would be able to participate in selling power to SDG&E;

     (c) That I would receive the same rate for electricity from SDG&E  for the energy that my solar-PV system would feed back into the grid that SDG&E charged me;

     (d) That I would be able to control and/or offset my electricity costs by installing a solar-PV system; and

     (e) That I would be protected from rising electricity costs by installing a solar-PV system;

     (4) That the above described Allegations of Fact in the VERIFIED COMPLAINT are true and correct to the best of my personal knowledge, information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury that the foregoing Verification is true and correct to the best of my knowledge and belief.

Executed in San Diego, California on December 9, 20119

                                       Respectfully submitted by:

                                       MARK E. VERNON
                                       Plaintiff, In Propria Persona

**DEMAND FOR JURY TRIAL**

Plaintiff hereby request a trial by jury of all issues triable by jury.

DATED: December 9, 2019

Respectfully submitted,

MARK E. VERNON
Plaintiff, In Propria Persona