UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| MARK E. VERNON,<br><br>Plaintiff,<br><br>v.<br><br>TESLA ENERGY; TESLA ENERGY OPERATIONS, INC.; SOLARCITY CORP., ROE CORPORATIONS, PARTNERSHIPS OR OTHER BUSINESS ENTITIES 1-10, Inclusive,<br><br>Defendants. | Case No.: 19cv2356-JAH (RBB)<br><br>**ORDER:**<br><br>**1. GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS [DOC. NO. 2]; AND**<br><br>**2. DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)** |
|---|---|

On December 10, 2019, Mark E. Vernon ("Plaintiff"), proceeding *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2. After a careful review of the record and for the reasons set forth below, the Court (1) GRANTS Plaintiff's motion for leave to proceed IFP, [Doc. No. 2]; and (2) DISMISSES the complaint, [Doc. No. 1], without prejudice for lack of subject matter jurisdiction.

**I.     Plaintiff's IFP Motion**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of *habeas corpus*, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Courts grant leave to proceed IFP when plaintiffs submit an affidavit, including a statement of all of their assets, showing the inability to pay the statutory filing fee. *See* 28 U.S.C. § 1915(a).

In support of his IFP motion, Plaintiff has submitted an application to proceed in this Court without paying fees or costs. *See* Doc. No. 2. The application indicates Plaintiff is unemployed and receives $2,100.00 per month in disability benefits during the last twelve months. *Id*. at 2. Plaintiff has one checking account with a balance of $220.00 and $150.00 in cash. *Id*. Additionally, Plaintiff receives no income from real property, investments, retirement accounts, gifts, or alimony. *Id*. at 1. Plaintiff has one dependent and anticipates no major changes to his income over the next twelve months. *Id.* at 4-5.

In accordance with the information presented, the Court finds the Plaintiff adequately demonstrates his inability to pay the Court filing fee required to proceed with the instant action. Therefore, the Court **GRANTS** the motion for leave to proceed IFP.

**II. Sua Sponte Screening Pursuant to 28 U.S.C. § 1915(e)(2)(B)**

**A. Standard of Review**

Notwithstanding payment of any filing fee or portion thereof, a complaint filed by any person proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review and dismissal by the court to the extent it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). "[S]ection 1915(e) not only permits, but requires, a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*).

A court may also dismiss an action *sua sponte* at any time for lack of subject matter jurisdiction. *California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974). In contrast to dismissals for failure to state a claim, if the court lacks subject matter jurisdiction, it is not required to issue a summons or follow the other procedural requirements. *See Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981).

### B. Analysis

In Plaintiff's complaint, he asserts state claims for negligence; intentional misrepresentation; breach of contract; breach of implied covenant of good faith and fair dealing; consumer fraud; and quantum meruit. Regarding jurisdiction, Plaintiff alleges this Court's subject matter jurisdiction arises from diversity pursuant to 28 U.S.C. § 1332. To establish diversity jurisdiction, there must be: (1) complete diversity among opposing parties; and (2) an amount in controversy exceeding $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332(a). Plaintiff has the burden of demonstrating jurisdiction by showing "in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction." *Smith v. McCullough*, 270 U.S. 456, 459 (1926).

Plaintiff alleges to have suffered actual damages "of an amount in excess of $30,000 to be shown by proof or proven at trial." (Doc. No. 1). Although Plaintiff prays for various other damages, including punitive damages and equitable relief, he has failed to plead sufficient facts to support damages beyond the requested $30,000. The assertions made in the complaint do not support the necessary threshold minimum of $75,000 to establish diversity jurisdiction. Therefore, the Court lacks subject matter jurisdiction over the instant action and the complaint is **DISMISSED without prejudice**.

//
//
//
//
//

**III. Conclusion and Order**

The Court finds Plaintiff has failed to demonstrate the existence of diversity jurisdiction. Therefore, this Court lacks subject matter jurisdiction over the present case.

Based on the foregoing, the Court hereby:

1. **GRANTS** Plaintiff's Motion to Proceed IFP, pursuant to 28 U.S.C. § 1915(a) [Doc No. 2];
2. **DISMISSES** Plaintiff's complaint without prejudice for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

DATED: January 20, 2020

_____
HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE