UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK E. VERNON,<br><br>                              Plaintiff,<br><br>v.<br><br>TESLA ENERGY; TESLA ENERGY OPERATIONS, INC.; SOLARCITY CORP., ROE CORPORATIONS, PARTNERSHIPS OR OTHER BUSINESS ENTITIES 1-10, Inclusive,<br><br>                            Defendants. | Case No.:  19cv2356-JAH (RBB)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2]** |

On December 10, 2019, Mark E. Vernon ("Plaintiff"), proceeding *pro se*, filed a complaint along with a motion for leave to proceed *in forma pauperis* ("IFP"), pursuant to 28 U.S.C. § 1915(a). *See* Doc. Nos. 1, 2. On January 20, 2020, the Court granted Plaintiff's IFP motion, but dismissed this action without prejudice because the Court lacked subject matter jurisdiction, pursuant to the 28 U.S.C. § 1915(e)(2)(B) *sua sponte* screening. *See* Doc. No. 3.

Plaintiff has now filed a First Amended Complaint ("Complaint"). *See* Doc. No. 5. The Complaint is filed against Defendants Tesla Energy *et al.* (collectively, "Defendants") for negligence; intentional/negligent misrepresentation; breach of contract; breach of

1

implied covenant of good faith and fair dealing; consumer fraud/deceptive trade practices; and quantum meruit. *Id.* The Court has subject matter jurisdiction over the instant action on the basis of diversity jurisdiction as the parties are citizens of different states and Plaintiff alleges an amount in controversy over $75,000.[1]

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED** for sufficiently demonstrating his inability to pay the filing fee and satisfying the 28 U.S.C. § 1915(e)(2)(B) *sua sponte* screening.

2. The United States Marshal Service shall serve a copy of the complaint and summons upon Defendant as directed by Plaintiff on U.S. Marshal Form 285. All costs of service shall be advanced by the United States.

3. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant or Defendant's counsel and the date of service. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a Certificate of Service may be disregarded.

**IT IS SO ORDERED.**

Dated: June 4, 2020

Hon. John A. Houston
United States District Judge

---

[1] District courts have diversity jurisdiction over civil actions where complete diversity exists between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).